UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| INTERNATIONAL AMUSEMENTS, LLC, <br><br> Petitioner, <br><br> v. <br><br> US THRILLRIDES, LLC and POLERCOASTER, LLC, <br><br> Respondents. | § § § § § § § § § § § § § <br><br> Case No. 22-cv-2082 |

**PETITION TO CONFIRM ARBITRATION AWARD
AND SUPPORTING MEMORANDUM OF LAW**

Petitioner International Amusements, LLC dba International Amusements, Inc. ("International Amusements") brings this Petition to Confirm Arbitration Award pursuant to the Federal Arbitration Act (9 U.S.C. § 9) for an order confirming and entering judgment on the final award of a duly appointed panel of arbitrators in favor of International Amusements and against respondents US Thrillrides, LLC ("US Thrillrides") and Polercoaster, LLC ("Polercoaster") (collectively, "Respondents") jointly and severally.

**THE PARTIES**

1. On information and belief, respondent US Thrillrides was at all relevant times a limited liability company with its principal place of business in

Orange County, Florida. US Thrillrides' only member, William Kitchen, is a citizen of Florida.

2. On information and belief, respondent Polercoaster was at all relevant times a limited liability company with its principal place of business in Orange County, Florida. Polercoaster's only member, William Kitchen, is a citizen of Florida.

3. Petitioner International Amusements is, and at all relevant times was, a foreign limited liability company with its principal place of business in Denton County, Texas. Its only member is Intamin Limited. Intamin Limited is a Maryland corporation with its principal place of business in Anne Arundel County, Maryland.

## JURISDICTION AND VENUE

4. This is an action to confirm an arbitration award entered in Florida pursuant to the Federal Arbitration Act.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). International Amusements is a limited liability company whose sole member is a Maryland citizen and Respondents are limited liability companies whose sole member is a Florida citizen. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000.

6. The Court has personal jurisdiction over Respondents because they are domiciled in this District.

7.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Respondents are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

8.  On May 28, 2015, Polercoaster and International Amusements entered into the Master Intellectual Property Agreement ("MIPA").[1]

9.  On March 24, 2020, Respondents filed a demand for arbitration with the American Arbitration Association that alleged several claims against non-party Intamin Amusement Rides Int. Corp. Est. ("IAR Liechtenstein") and International Amusements (the "AAA Arbitration") based on the MIPA's arbitration provision.[2]

10. On April 27, 2020, IAR Liechtenstein filed a complaint in federal district court on grounds that it was not a proper party to the AAA Arbitration.

11. Meanwhile International Amusements and Respondents selected a panel of three arbitrators ("Panel") pursuant to the MIPA's terms and proceeded to litigate Respondents' claims.

12. On April 26, 2022, the federal district court granted summary judgment for IAR Liechtenstein, finding that it was not a proper party to the AAA Arbitration.

13. After more than two years of litigating their claims in the AAA Arbitration against International Amusements, on May 24, 2022, Respondents submitted a request to voluntarily dismiss their claims.

---

[1] A copy of the MIPA is attached hereto as Exhibit A.

[2] A copy of the demand for arbitration is attached hereto as Exhibit B.

14. On June 28, 2022, the Panel entered an order determining that International Amusements was the prevailing party in the AAA arbitration entitled to recover its reasonable attorneys' fees and costs to the extent allowed by the AAA Rules, contract or statute.

15. On October 31, 2022, the Panel entered a final award ("AAA Award") in International Amusements' favor.[3] The AAA Award determined that International Amusements was entitled as the prevailing party to recover fees and costs from Respondents jointly and severally pursuant to AAA Rule 47(d), the MIPA's prevailing party provision and 17 U.S.C. § 505 of the Copyright Act. Specifically, the AAA Award ordered Respondents to pay International Amusements (i) $440,000.00 for its reasonable attorneys' fees; (ii) $41,298.75 for its costs; and (iii) $46,588.74 as reimbursement for the AAA and the Panel's fees and expenses. The AAA Award totaled to $527,887.49 and required Respondents to pay the full amount within 30 days of its issuance.

16. To date, Respondents have failed to satisfy the AAA Award. In response to International Amusements' requests to confirm a date certain by which they would pay the AAA Award, Respondents have not done so.

## MEMORANDUM OF LAW

This matter is subject to the FAA because the business dealings between the parties at issue in the AAA Arbitration involved interstate commerce. See Jenkins v.

---

[3] A copy of the AAA Award is attached hereto as Exhibit C.

<u>First Am. Cash Advance of Georgia, LLC</u>, 400 F. 3d 868, 874 (11th Cir. 2005) ("The FAA defines 'commerce' as 'commerce among the several States.') (<u>citing</u> 9 U.S.C. § 1).)

Section 9 of the FAA authorizes courts to enter judgment upon arbitration awards. "[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. All three of these conditions are met here:

- Under Florida law, where jurisdictional requirements are met, the FAA authorizes federal district courts to "confirm an arbitration award if the parties have agreed to allow the court to do so." <u>Cray v. NationsBank of N.C.</u>, 982 F. Supp. 850, 852 (M.D. Fla. 1997). This Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). In addition, the MIPA provides that the parties agreed to submit to the jurisdiction of the "federal and state courts of Orange County, Florida" and that the MIPA "shall be governed by and construed in accordance with the laws of the State of Florida. (MIPA (Ex. A) ¶ 12.3.) Accordingly, the United States District Court for the Middle District of Florida, Orlando Division is the appropriate court to confirm the award.
- International Amusements' petition is timely because the AAA Award was entered on October 31, 2022 and it filed this petition to confirm the AAA

Award within one year of that date.

- Respondents have not filed any action to vacate, modify or correct the AAA Award.

Therefore, the Court should confirm the AAA Award and enter judgment against Respondents because (1) this Court is the appropriate court to confirm the award under the MIPA, (2) International Amusements filed its petition to confirm the AAA Award within one year after it was issued, and (3) the Award has not been vacated, modified or corrected. Id. ("[G]reat deference must be given to [arbitration awards].").

## CONCLUSION AND PRAYER

WHEREFORE, International Amusements respectfully requests that the Court confirm the AAA Award and issue a judgment against Respondents jointly and severally granting it the following relief:

a. $527,887.49;

b. Pre-Judgement interest at the current applicable rate of 4.75% according to the statutory rate (Florida Statute § 55.03) from the date the Panel entered the AAA Award (October 31, 2022) up to the date the Court enters judgment confirming the award, see Okun v. Litwin Sec., Inc., 652 So. 2d 387, 389 (Fla. Dist. Ct. App. 1995) (pre-judgment interest commences on the day an arbitration award is rendered and post-judgment interest commences upon the award's confirmation);

c. Post-Judgment interest at the current applicable rate of 4.75% according to

the statutory rate (Florida Statute § 55.03) from the date judgment enters;

d. Reasonable attorneys' fees and costs incurred in connection with this petition (to be proved separately) pursuant to the MIPA's prevailing party provision and Florida Statute § 57.115; and

e. Such other and further relief to International Amusements as the Court deems just and proper.

DATED: November 10, 2022

Respectfully submitted,

Gerald E. Hawxhurst – Lead Counsel
(*pro hac vice* forthcoming)
Texas State Bar No. 24090636
jerry@hawxhurstllp.com
HAWXHURST LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel: (512) 522-4995
Fax: (512) 522-4961

 /s/ Derek J. Angell
Derek J. Angell
Fla. State Bar No. 73449
dangell@roperpa.com
ROPER, P.A.
2707 E Jefferson St
Orlando, Florida 32803
Tel: (407) 897-5150
Fax: (407) 897-3332

*Attorneys for Petitioner International Amusements, LLC*