UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**INTERNATIONAL AMUSEMENTS, LLC,**

        Petitioner,

v.                                          Case No: 6:22-cv-2082-CEM-DCI

**US THRILLRIDES, LLC and POLERCOASTER, LLC,**

        Respondents.

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** International Amusement's Motion for Determination of Entitlement to Recover Attorneys' Fees (Doc. 34)
>
> **FILED:** January 3, 2024
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    Background**

On May 28, 2015, International Amusements, Inc. (IAI) and Polercoaster, LLC (Polercoaster) entered into a Master Intellectual Property Agreement (the MIPA). Doc. 1-1. In relevant part, the MIPA has a prevailing party fee provision that provides the following:

> In the event that there is a default under this Agreement and it becomes reasonably necessary for any party to employ the services of an attorney, either to enforce or terminate this Agreement, the prevailing party shall be entitled to collect from the other party its reasonable attorneys' fees and such other reasonable costs and expenses as are incurred by it enforcing or terminating this Agreement.

*Id.* at § 12.6.

On March 24, 2020, US Thrillrides, LLC and Polercoaster (collectively, Respondents) filed with the American Arbitration Association (AAA) a demand for arbitration against IAI and non-party Intamin Amusement Rides (IAR Liechtenstein).[1]  Doc. 1-2.

Shortly thereafter, non-party IAR Liechtenstein filed a complaint with this Court seeking a declaratory judgment that its contract with Respondents did not contain an arbitration provision and that it was not a party to the MIPA.  *See Intamin Amusement Rides Int. Corp. Est. v. US Thrillrides, LLC, et al.*, No. 6:20-cv-713-CEM-DCI (Doc. 27).  On April 26, 2022, the Court issued its Order granting summary judgment in non-party IAR Liechtenstein's favor, declaring that "[non-party IAR Liechtenstein] is not a party to the Polercoaster [MIPA] or its arbitration and "[non-party IAR Liechtenstein] is not required to participate in the AAA Arbitration related to this matter." Docs. 135.

Meanwhile, IAI and Respondents proceeded to arbitration, selected a panel of arbitrators (the Panel), and proceeded to arbitrate Respondents' claims against IAI.

On October 31, 2022, the Panel entered a final award in IAI's favor (the AAA Award, Doc. 1-3).  In the AAA Award, the Panel also found that IAI, as the prevailing party, was entitled to recover fees and costs from Respondents pursuant to the MIPA's prevailing party fee provision and 17 U.S.C. § 505 of the Copyright Act.  *Id.* at 2.  The Panel awarded IAI fees and costs totaling $440,000, inclusive of the "case in chief and the fee claim." Doc. 1-3 at 3.

---

[1] IAR Liechtenstein is not a party to the instant case.  Also, the undersigned notes that "IAR Lichtenstein" is the name repeatedly used for this entity by it and other parties in this litigation, though it appears that its actual name is "Intamin Amusement Rides Int. Corp. Est." *See Intamin Amusement Rides Int. Corp. Est. v. US Thrillrides, LLC, et al.*, No. 6:20-cv-713-CEM-DCI at Doc. 1.

On November 10, 2022, IAI filed the Petition to Confirm Arbitration Award, demanding payment of the AAA Award and initiating the instant case. Doc. 1. Soon thereafter, Respondents filed for protection under Chapter 11 of the Bankruptcy Code. *See In re US Thrillrides, LLC*, No.6:22-bk-4495; *In re Polercoaster, LLC*, No. 6:22-bk-4496. The bankruptcy proceedings automatically stayed this action. Doc. 24. Ultimately, Respondents dismissed their bankruptcy proceedings, and, on September 5, 2023, the Court lifted the stay in this action. Doc. 26. On December 20, 2023, the Court entered an Order granting IAI's unopposed motion to confirm the AAA Award. Doc. 32.

On January 3, 2024, IAI filed a motion for entitlement to attorney fees accrued solely in relation to the bankruptcy actions and in litigating the instant case. Doc. 34 (the Motion). Respondents have filed a response in opposition to the Motion. Doc. 35. IAI filed a reply to the response. Doc. 28.

Upon due consideration of the parties' briefings, the undersigned recommends the Motion be granted.

**II.    Legal Standard**

In diversity cases, "a party's right to attorney's fees is determined by reference to state law." *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (citation omitted). Florida follows the "American Rule" whereby attorney fees may be awarded by a court only when authorized by statute or by agreement of the parties. *See Price v. Taylor*, 890 So. 2d 246, 250 (Fla. 2004) (citing *State Firm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993)). Courts do not have discretion to decline to enforce a contractual provision awarding attorney fees. *See Burger King Corp. v. Mason*, 710 F.2d 1480, 1496 (11th Cir. 1983) ("Under Florida law, a contract which provides for the payment of attorney's fees is binding and

must be enforced by the trial court.") (citing *Brickell Bay Club Condominium Ass'n, Inc. v. Forte*, 397 So. 2d 959, 960 (Fla. Dist. Ct. App.), *petition for review denied*, 408 So. 2d 1092 (Fla. 1981)).

**III.    Discussion**

IAI seeks, pursuant to the MIPA, to recover its attorney fees and costs accrued in defending the bankruptcy actions and in litigating the instant case, i.e., the confirmation of the AAA Award.

IAI's argument is straight forward: There is no dispute that, in the AAA Award that the Court has confirmed (Docs. 1-3, 32, 33), the AAA Panel already determined that IAI was the prevailing party in arbitration and awarded IAI fees and costs pursuant to the MIPA. *See* Doc. 34 at 7; Doc. 35 at 12. The present dispute stems from IAI's attempt to recover additional attorney fees and costs for its efforts to collect on that AAA Award. *See* Doc. 34 at 7. Because those efforts are, in effect, efforts to enforce its rights as a prevailing party under the MIPA (a status the AAA Panel has already found), IAI asserts that the plain language of the MIPA entitles it to the fees and costs expended in those efforts. *See* Doc. 34 at 15-19.[2]

Respondents make several arguments in opposition, and the undersigned will address each, though slightly out of the order Respondent presented them.

---

[2] IAI briefly states "additional grounds" for attorney fees and costs outside the MIPA. Because the undersigned finds that the MIPA is the proper basis for the recovery of fees and costs here, the undersigned addresses neither IAI's additional grounds nor Respondent's response to those additional grounds.

Indeed, the parties devote a significant portion of their briefing to discussing alleged fraudulent transfer by Respondents' owner. There is nothing in the record that establishes that fraudulent transfers did or did not occur, aside from the back-and-forth allegations of the parties. In any event, the issue of fraudulent transfers would only become relevant if the Court awarded fees pursuant to Florida Statutes Section 726.108(1)(c)(3)—because the undersigned recommends fees be awarded pursuant to the plain language of the MIPA, the undersigned has not addressed the merits of IAI's fraudulent transfer allegations.

First, Respondents briefly state that, under Florida law, a party is only entitled to an award of attorney fees pursuant to a contract provision if it is the prevailing party on a breach of contract claim. *See* Doc. 35 at 13 (citing *Padgett v. Kessinger*, 190 So. 3d 105, 108 (Fla. Dist. Ct. App. 2015), further citing *Effective Teleservices, Inc. v. Smith*, 132 So. 3d 335, 340 (Fla. Dist. Ct. App. 2014)). The undersigned disagrees. There is no support in *Padgett* for the contention that contractual attorney fees only apply in breach of contract actions. In *Effective Services*, the court does state—as Respondent's quote—that "[f]ees authorized by contract apply only to claims based on the contract." 132 So. 3d at 340. But the court in *Effective Services* was concerned with segregating claims for breach and claims for fraud—the undersigned is not persuaded that the court's ruling stands for the proposition that a party can only recover contractual attorney fees for a breach of contract claim. *Cf. In re Martinez*, 416 F.3d 1286 (11th Cir. 2005) (upholding award of attorney fees in bankruptcy proceeding where the fees were called for in the underlying contract). Thus, without further explanation by Respondents, the undersigned rejects Respondent's characterization of Florida law.

Second, Respondent's make the perfunctory argument that IAI's actions in bankruptcy court were "not 'enforcing the MIPA.'" Doc 35 at 15. This second argument is neither supported by legal authority nor persuasive.

Third, Respondents briefly argue that IAI is not entitled to fees and costs because their actions since the AAA Award have been "unnecessary," "needless," and "unreasonable." Doc. 35 at 18-19. This third argument is also without merit. But to the extent that Respondents assert that certain fees expended by IAA were not done so reasonably, it may argue that in response to any forthcoming motion to quantify the attorney fee award.

Fourth, Respondents assert that under-secured creditors are not entitled to recover post-petition attorney fees, and therefore, IAI should not be permitted to recover attorney fees for litigating the bankruptcy actions or the instant case.  Doc. 35 at 13-14 (citing *In re Electric Machinery Enter., Inc.*, 371 B.R. 549, 550 (Bankr. M.D. Fla 2007)).  To be sure, the court in *Electric Machinery* stated that "[t]he majority of courts have held that an unsecured creditor is not entitled to collect post-petition attorneys' fees, costs, and other similar charges—even if there is an underlying contractual right to do so."  371 B.R. at 550.  The *Electric Machinery* court also cites to several cases from bankruptcy courts throughout the United States and explains four central reasons why courts have concluded that an unsecured creditor is not entitled to recover attorney fees.  *Id.* at 550-553.  That said, the *Electric Machinery* court makes only a cursory reference to *Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443 (2007).  In *Travelers*, the Supreme Court declined to express an opinion on whether § 506(b) of the Bankruptcy Code prohibits unsecured claims for contractual attorney fees, but stated "it remains true that an otherwise enforceable contract allocating attorney's fees (i.e. one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise."  549 U.S. at 448.

Although the Eleventh Circuit has not ruled on the issue post-*Travelers*, several circuits throughout the United States have allowed unsecured claims for contractual attorney fees that accrued post-filing of the bankruptcy petition.  *See Busson-Sokolik v. Milwaukee Sch. Of Eng'g (In re Sokolik)*, 635 F.3d 261, 267 (7th Cir. 2011) ("Finding no applicable exception in the Bankruptcy Code . . . we affirm the award of costs and attorney's fees . . . ."); *Ogle v. Fid. & Deposit Co. of Md.*, 586 F.3d 143, 148 (2d Cir. 2009) ("[W]e hold that section 506(b) does not implicate unsecured claims for post-petition attorneys' fees, and it therefore interposes no bar to

recovery."); *SNTL Corp. v. Ctr. Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 843 (9th Cir. 2009) ("[C]laims for postpetition attorneys' fees cannot be disallowed simply because the claim of the creditor is unsecured."); *see also In re ER Urgent Care Holdings, Inc.*, 474 B.R. 298, 301 (Bankr. S.D. Fla. 2012) ("[T]he Court holds that a debtor can be held liable for attorney fees that arise from post-petition litigation, assuming the debtor would otherwise be liable by contract or applicable law, even if the litigation or the contract arose pre-petition.").[3]  The undersigned agrees with this line of cases, and accordingly, the plain language of the MIPA is controlling.

The MIPA states:

> In the event that there is a default under this Agreement and it becomes reasonably necessary for any party to employ the services of an attorney, either to enforce or terminate this Agreement, the prevailing party shall be entitled to collect from the other party its reasonable attorneys' fees and such other reasonable costs and expenses as are incurred by it enforcing or terminating this Agreement.

Doc. 1-1 at § 12.6.  The only conditions imposed by § 12.6 of the MIPA are that the recoverable fees be incurred by the prevailing party enforcing the MIPA—there is no dispute that IAI is the prevailing party.  Here, IAI seeks to recover its attorney fees accrued incident to defending the bankruptcy actions and to litigating the confirmation of the AAA Award—whether the bankruptcy proceedings are classified as a collateral matter or not, the fees incurred in litigating the bankruptcies were certainly "instant to enforcing the [AAA] award." *Id.* at § 12.5.2.  Likewise, the fees accrued in litigating the present action (to confirm the AAA Award) are also instant to

---

[3] Respondents cite to an Eleventh Circuit decision in which a panel held that the prevailing party in an arbitration was not entitled to post-petition fees accrued during bankruptcy proceedings.  *See In re Lazarus Holdings, LLC*, 816 F. App'x 417, 422 (11th Cir. 2020).  However, that case is distinguishable because the panel relied upon the fact that the underlying contract authorizing attorney fees was declared void *ab initio* by the arbitrator.  *See id.* at 420-421 ("Because the arbitrator found the construction of the contract to be void *ab initio*, DeLotto cannot enforce the prevailing party attorney's fee provision of the construction contract.").  Accordingly, *Lazarus Holdings* does not support Respondents' position that unsecured creditors cannot recover attorney fees even when there is a contractual right to do so.

enforcing the Award and to enforcing the MIPA. And the undersigned cannot decline to enforce a contractual provision awarding attorney fees. *Burger King*, 710 F.2d at 1496. Accordingly, the undersigned recommends that IAI be awarded attorney fees for litigating the bankruptcy actions, and for litigating the confirmation of the AAA Award in the present action, pursuant to the terms of the MIPA.

### IV.  Conclusion

Accordingly, the undersigned **RECOMMENDS** that:

1. The Motion (Doc. 34) be **GRANTED** such that the Court find that IAI is entitled to its reasonable attorney fees and costs pursuant to the MIPA for the post-arbitration litigation at issue in the Motion, both before the bankruptcy court and before this Court in the instant case; and

2. IAI be directed to file a supplemental motion regarding the quantification of such fees pursuant to Local Rule 7.01(c).

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on February 9, 2024.

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE