UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**INTERNATIONAL AMUSEMENTS, LLC,**

      **Petitioner,**

v.                                                                    **Case No.  6:22-cv-2082-CEM-DCI**

**US THRILLRIDES, LLC and POLERCOASTER, LLC,**

      **Respondents.**
_____/

# ORDER

THIS CAUSE is before the Court on Petitioner's Motion for Determination of Entitlement to Recover Attorneys' Fees ("Motion," Doc. 34). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 39), recommending that the Motion be granted, (*id.* at 8). Respondent filed Objections (Doc. 40), to which Petitioner filed a Response (Doc. 41).

## I. BACKGROUND

Petitioner filed this action to confirm the arbitration award it won against Respondents. (*See generally* Doc. 1). Respondents filed for bankruptcy, and this case was stayed. (Doc. Nos. 23, 24). Eventually, Respondents dismissed those

proceedings. (Doc. 25). The Court lifted the stay and granted the motion to confirm the award. (Doc. Nos. 26, 32 at 4–5).

Petitioner seeks attorneys' fees and costs in line with the prevailing party fee provision in § 12.6 of the Master Intellectual Property Agreement ("MIPA"). That section provides: "[T]he prevailing party shall be entitled to collect from the other party its reasonable attorneys' fees and such other reasonable costs and expenses as are incurred by it in enforcing or terminating this Agreement." (Doc. 1-1 at 13). The instant Motion seeks fees accrued during the bankruptcy proceedings and while litigating this action. (Doc. 34 at 5–6).

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

The Eleventh Circuit has "consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law." *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008). "Under Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise." *Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462, 465 (Fla. 2003). Florida law further dictates that contract provisions awarding attorneys' fees are binding. *Ecp Station I LLC v. Chandy*, No. 8:15-cv-2523-T-JSS, 2016 WL 3883028, at *5 (M.D. Fla. June 29, 2016) (citing *Burger King Corp. v. Mason*, 710 F.2d 1480, 1496 (11th Cir. 1983)).

In their first objection, Respondents argue that Petitioner is not entitled to fees incurred in the separate bankruptcy action for three reasons: (1) Petitioner is an unsecured creditor; (2) only the bankruptcy court can award fees and costs incurred in bankruptcy; and (3) the MIPA does not entitle Petitioner to attorneys' fees or costs incurred in the bankruptcy action. The Court will address each argument in turn.

First—Respondents assert that Petitioner is not entitled to recover post-petition attorneys' fees and costs as an unsecured creditor. There does not appear to be any binding case law on this issue,[1] but the Supreme Court in *Travelers Casualty*

---

[1] Although Respondents rely on a recent Eleventh Circuit decision, *J.O. DeLotto & Sons, Inc. v. Lazarus Holdings, LLC (In re Lazarus Holdings, LLC)*, 816 F. App'x 417, 422 (11th Cir. 2020), that decision affirmed the bankruptcy court's denial of attorneys' fees based on a contract

*& Surety Company of America v. Pacific Gas & Electric Co.*, 549 U.S. 443 (2007) addressed adjacent issues, which sheds light on the instant discussion. Specifically, in *Travelers*, the Supreme Court rejected the determination that contractual attorneys' fees incurred while litigating issues of bankruptcy law were *per se* not recoverable. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 456 (2007). However, "the Supreme Court expressly declined to consider" the issue here—"whether '§ 506(b) [of the Bankruptcy Code] categorically disallows *unsecured* claims for contractual attorney's fees' because that issue had not been raised in the courts below." *In re 804 Congress, LLC*, 756 F.3d 368, 380 (5th Cir. 2014) (quoting *Travelers*, 549 U.S. at 454–55).

"Since the *Travelers* decision, all courts of appeals to have considered the issue have allowed unsecured claims for contractual attorneys' fees." 4 Collier on Bankruptcy ¶ 502.03[2][b][iv] (Richard Levin & Henry J. Sommer eds., 16th ed. 2024) (citing *SummitBridge Nat'l Invs. III, LLC v. Faison*, 915 F.3d 288 (4th Cir. 2019); *Busson-Sokolik v. Milwaukee Sch. of Eng'g (In re Sokolik)*, 635 F.3d 261, 267 (7th Cir. 2011); *Ogle v. Fid. & Deposit Co. of Md.*, 586 F.3d 143, 148 (2d Cir. 2009); and *SNTL Corp. v. Ctr. Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 843 (9th Cir. 2009)). And while some bankruptcy and district courts have been divided on

---

because the underlying contract was void *ab initio*. *Id.* Thus, the Eleventh Circuit did not address the issue present in this case.

whether to extend the *Travelers* decision to this situation,[2] (*see* Doc. 35 at 13–14 (collecting cases in this district and others disallowing unsecured creditors post-petition attorneys' fees)); *see also Wilmington Tr. Co. v. Trib. Media Co. (In re Trib. Media Co.)*, No. 1:15-cv-01116-RGA, 2018 U.S. Dist. LEXIS 199137, at *3–4 (D. Del. Nov. 26, 2018) (following the emerging line of appellate case law, but noting "there continue to be reasoned decisions by bankruptcy and district court judges going the other way"), "the trend, and the more defensible rule under the language of section 502(b)(2)—which does not distinguish claims for attorney's fees from other unsecured claims—is in favor of allowing claims for attorney's fees [were] permitted by state law or contractual agreement," 4 Collier on Bankruptcy ¶ 502.03[2][b][iv]. In this vein, the *Travelers* Court stated, "we generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are *expressly disallowed*." 549 U.S. at 452 (emphasis added). It was "decisive in *Travelers* that the [Bankruptcy] Code says *nothing* about unsecured claims for contractual attorney's fees incurred while litigating issues of bankruptcy law." *Ogle*, 586 F.3d at 148 (emphasis in original) (quotation marks and citation omitted).

---

[2] Indeed, the case upon which Respondents primarily rely, *In re Electric Machinery Enterprises, Inc.*, 371 B.R. 549 (Bankr. M.D. Fla. 2007), is one such case. However, it was decided within months of the *Travelers* decision and did not have the benefit of the subsequent appellate court opinions. Therefore, the Court does not find *In re Electric Machinery* persuasive.

Indeed, pre-*Travelers* Eleventh Circuit caselaw trended toward allowing post-petition fees by unsecured creditors. *SummitBridge*, 915 F.3d at 291 n.1 (citing *Welzel v. Advoc. Realty Invs., LLC (In re Welzel)*, 275 F.3d 1308, 1319 (11th Cir. 2001)). For example, prior to *Travelers*, the Eleventh Circuit held that over-secured creditors could assert unsecured claims for post-petition attorneys' fees, while indicating unsecured and under-secured creditors could do the same. *In re Welzel*, 275 F.3d at 1319; *see also Off. Comm. of Unsecured Creditors v. Dow Chem. Corp. (In re Dow Corning Corp.)*, 456 F.3d 668, 683 (6th Cir. 2006) ("[U]nsecured creditors may recover their attorneys' fees, costs and expenses from the estate of a solvent debtor where they are permitted to do so by the terms of their contract and applicable non-bankruptcy law."). Thus, because "the Code does not prohibit an unsecured creditor from collecting post-petition attorneys' fees pursuant to an otherwise enforceable pre-petition contract of indemnity," *Ogle*, 586 F.3d at 145 (2d Cir. 2009), the Court agrees with the R&R and will follow the growing trend of allowing such fees.

Second—Respondents contend that attorneys' fees and costs incurred in the bankruptcy proceeding may only be awarded by the bankruptcy court. They cite to *Dvorak v. First Family Bank*, 639 So. 2d 1076 (Fla. 5th DCA 1994), in which the court found federal law preempted state law on attorneys' fee awards. However, a court in this district has acknowledged that it could award attorneys' fees incurred

in bankruptcy. *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, No. 6:15-cv-294-Orl-31TBS, 2016 U.S. Dist. LEXIS 58722, at *9–14 (M.D. Fla. Apr. 14, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 58721 (M.D. Fla. May 3, 2016) (not awarding attorneys' fees because the plaintiff failed to show how its work in the bankruptcy proceeding was necessary to obtain the judgment at issue).

Furthermore, "[t]he bankruptcy court functions as an adjunct of the district court." *In re Red Carpet Corp.*, 902 F.2d 883, 890 (11th Cir. 1990) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)); *see also* 28 U.S.C. § 1334(a) ("Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11."). "'District courts and bankruptcy judges have broad discretion in determining the amount of attorneys' fees to award as compensation for services performed in connection with bankruptcy proceedings. . . .'" *Id.* at 891 (quoting *In re First Colonial Corp.*, 544 F.2d 1291, 1298 (5th Cir. 1977)).[3] Therefore, the R&R correctly determined the district court can award attorney's fees stemming from a bankruptcy action.

Third—Respondents maintain that Petitioner was not enforcing the MIPA in the bankruptcy action. However, Respondents fail to cite legal authority explaining

---

[3] Cases decided by the Fifth Circuit prior to October 1, 1981 are binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

why Petitioner's actions in the bankruptcy litigation were not furthering the agreement's enforcement. Respondents "forfeit[ ] an issue when [they] raise[ ] it in a perfunctory manner without supporting arguments and authority." *Harner v. Comm'r of Soc. Sec.*, 38 F.4th 892, 899 (11th Cir. 2022) (quotation marks and citation omitted). Respondent briefly maintains that Petitioner is not entitled to attorneys' fees or costs from the bankruptcy action on "additional grounds." As the Magistrate Judge explained, and this Court finds, Petitioner is entitled to those fees under the MIPA. Thus, the Court need not consider any additional grounds as the basis for awarding attorneys' fees or costs. And therefore, Respondents' first objection is overruled.

Respondents, in their second objection, argue that Petitioner is not entitled to attorneys' fees incurred in this action because "[t]his case was filed only for purposes of incurring fees and bringing the Motion." (Doc. 40 at 19). However, Respondents cite no evidence in support of this contention. Neither did Respondents cite evidence in their initial Response to the Motion. (*See* Doc. 35 at 18–19). As the Magistrate Judge explained, the attorneys' fees accrued in this action by Petitioner—the prevailing party under the MIPA—to confirm the arbitration award "are also instant to enforcing the Award and to enforcing the MIPA." (Doc. 39 at 7–8). Therefore, Respondents' second objection is overruled.

## IV. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 40) are **OVERRULED**.

2. The Report and Recommendation (Doc. 39) is **ADOPTED** and made a part of this Order.

3. Petitioner's Motion for Determination of Entitlement to Recover Attorneys' Fees ("Motion," Doc. 34) is **GRANTED**.

4. **On or before December 27, 2024**, Petitioner is directed to file a supplemental motion quantifying such fees pursuant to Middle District of Florida Local Rule 7.01(c).

**DONE** and **ORDERED** in Orlando, Florida on December 6, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record